**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| NORMA JEAN PARSONS,<br>*Plaintiff*,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security<br>Administration,<br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 2:25-cv-123-CHS |

# MEMORANDUM OPINION

## I. Introduction

Plaintiff Norma Jean Parsons ("Plaintiff") seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial of benefits and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner") under Title II of the Act, 42 U.S.C. § 401-34 and Title XVI of the Act, 42 U.S.C. §§ 1381-83f. [*See* Doc. 1]. The parties consented to entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 13].

Each party has filed a brief seeking judgment in their favor pursuant to Rule 5 of the Federal Rules of Civil Procedure Supplemental Rules for Social Security [Docs. 14, 16, 18]. For reasons that follow, Plaintiff's request for relief [Docs. 14, 18] will be **DENIED**, the Commissioner's request for relief [Doc. 16] will be **GRANTED**, and judgment will be entered **AFFIRMING** the Commissioner's decision.

## II. Procedural History

On December 9, 2021, Plaintiff applied for disability insurance benefits under the Act,

alleging disability as of April 27, 2021. (Tr. 16). Plaintiff's claims were denied initially by the ALJ, but were remanded by the Appeals Council. (*Id.*) The ALJ then denied Plaintiff's claims a second time, and they were denied on reconsideration. (*Id.*) As a result, Plaintiff requested a hearing before an administrative law judge. (*Id.*)

A hearing was held on August 6, 2024 that included Plaintiff's attorney. (*Id.*) Administrative Law Judge Gentry G. M. Hogan ("ALJ") heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 59-84). The ALJ then rendered his decision on August 9, 2024, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 16-32).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial; but that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint [Doc. 1] on August 7, 2025, seeking judicial review of the Commissioner's final decision under § 405(g). The parties filed competing briefs, and this matter is ripe for adjudication.

## III. Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2026.

2. The claimant has not engaged in substantial gainful activity since April 27, 2021, the alleged onset date (20 CFR 404.1571 et seq.).

3. The claimant has the following severe combination of impairments: chronic obstructive pulmonary disease (COPD) with pulmonary nodules; migraines; somatic symptom disorder; major depressive disorder, single episode, mild; and other specified anxiety disorder (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is limited to the following: can perform simple and lower-level detailed tasks in work with occasional exposure to atmospheric conditions; frequent to all postural limitations; no transactional contact with the public; up to frequent changes to the workplace setting; and no working in loud or very loud work environments.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on January 12, 1971, and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 27, 2021, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 16-32).

## IV. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, a plaintiff must show that she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result

in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, she is not disabled; (2) if a claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs*., 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Even if there is contrary evidence, the Commissioner's

findings must be affirmed if evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner because substantial evidence exists to support a different conclusion. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs*., 790 F.2d 450 n.4 (6th Cir. 1986). The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes a "zone of choice" within which decision-makers can go either way without court interference. *Felisky*, 35 F.3d at 1035; *Crisp*, 790 F.2d 450 n.4.

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec*., 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

**V. Analysis**

Plaintiff argues that the ALJ did not adhere to the Appeals Council's ("AC") remand order by failing to properly evaluate the medical opinion evidence of the state agency medical consultants. [Doc. 14 at 4]. Specifically, Plaintiff argues that the ALJ failed to resolve a conflict between the RFC and state agency medical consultants' opinion. [*Id.* at 5].

Under the Social Security Regulations, the ALJ "will not defer or give any specific

evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). However, the regulations do require the ALJ to assess medical opinions for persuasiveness. 20 C.F.R. § 404.1520c(a). A medical opinion is a "statement from a medical source about what you can still do despite your impairment(s)." *Robinson v. Comm'r of Soc. Sec.*, No. 22-1397, 2022 WL 17168444, at *2 (6th Cir. Nov. 22, 2022) (citing 20 C.F.R.§ 404.1513(a)(2)). "A medical opinion is distinct from 'objective medical evidence,' *id.* § 404.1513(a)(1), or 'other medical evidence,' *id.* § 404.1513(a)(3), neither of which are required to be considered or assessed for their persuasiveness, *see id.* § 404.1520c(a)." *Robinson*, No. 22-1397, 2022 WL 17168444, at *2 (cleaned up).

When examining medical opinions and prior administrative findings, an ALJ is required to articulate how persuasive they find each medical opinion in the record. 20 C.F.R. § 404.1520c. The most important factors the ALJ must consider and discuss when evaluating the persuasiveness of a medical opinion are supportability and consistency. 20 C.F.R. § 404.1520c(a). Supportability involves how a medical source supports their own opinion through objective medical evidence and explanations. *Id.* at (c)(1). Consistency involves how the opinion compares with evidence from other medical and non-medical sources. *Id.* at (c)(2). Other factors the ALJ may, but is not required to discuss, when evaluating medical opinions are the relationship to the client, length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, examining relationship, specialization, and other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.*

For background, in April 2022, a state agency medical consultant reviewed Plaintiff's records and found that she could perform light work with some additional limitations, including

avoiding concentrated exposure to "fumes, odors, dusts, gases, poor ventilation, etc." (Tr. 127-29). In a 2023 decision, the ALJ found the state agency medical consultant's opinion "mostly persuasive" and stated in his RFC analysis that "[l]imitation from exposure to pulmonary irritants has been added" to accommodate the Plaintiff. (Tr.157). The RFC prescribed by the ALJ stated that Plaintiff could have "occasional exposure to atmospheric conditions." (Tr. 152).

The AC remanded the ALJ's decision and referenced SSR 96-8p, which requires the ALJ to explain why the ALJ's RFC assessment conflicted with a medical opinion. (Tr. 167) ("If the residual functional capacity assessment conflicts with an opinion from a medical source, the Administrative Law Judge must explain why the opinion was not adopted."). In the AC's order to remand the ALJ's 2023 decision, the AC stated that the ALJ found the state agency medical opinion mostly persuasive, including that Plaintiff should avoid concentrated exposure to pulmonary irritants. (Tr. 167). However, the AC stated that the ALJ failed to resolve the conflict between the RFC prescribed by the ALJ—which stated that Plaintiff could have *occasional* exposure to *atmospheric conditions*—and the state agency medical opinion regarding *total* avoidance of concentrated exposure to *pulmonary irritants*. (*Id.*) Thus, the ALJ needed to explain why "occasional" exposure to "atmospheric conditions" was the appropriate limitation, and properly evaluate the prior administrative medical finding in accordance with 20 C.F.R. § 404.1520c.

In the ALJ's 2024 decision, which is at issue in this appeal, the ALJ again found the state agency medical consultants' opinions mostly persuasive. (Tr. 28). When analyzing the opinion, the ALJ noted that the portion of the opinion regarding Plaintiff avoiding concentrated exposure to "fumes, odors, dusts, gases, poor ventilation, etc.," was persuasive "only insofar as they indicate that there are indeed limitations in the areas of breathing and atmospheric conditions." (Tr. 28). In other words, as the Commissioner articulates, the ALJ found that a limitation was needed, but not

the exact limitation that the state agency prescribed. (*Id.*); [*See* Doc. 16 at 4]. In support of this assessment, the ALJ stated that the record reflects Plaintiff had "full oxygenation and no respiratory distress with intermittent observations of decreased breath sounds." (Tr. 29). Thus, when crafting this specific limitation for Plaintiff, the ALJ "used more specific, vocationally defined, and policy compliant language to express the moderate limitations arising from the claimant's severe COPD, specifically with respect to limitation to occasional exposure to atmospheric conditions." (*Id.*) Plaintiff argues, however, that this explanation still does not suffice. [*See* Doc. 14, 18].

The ALJ must assess a claimant's RFC "based on all of the relevant medical and other evidence" of record. 20 C.F.R. § 416.945(a)(3). The regulations do not require an ALJ to adopt portions of a medical opinion verbatim because the ALJ found the opinion persuasive. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides great weight to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale.") (internal quotation marks omitted). Rather, SSR 96-8p requires an explanation from the ALJ when the ALJ crafts an RFC that does not comport with a medical opinion in the record. Here, the ALJ explained why he gave Plaintiff a less restrictive RFC—because the record showed "full oxygenation," "no respiratory distress," and "decreased breath sounds." (Tr. 28). Thus, the ALJ stated, Plaintiff's limitation should be narrowed to "breathing and atmospheric conditions." (*Id.*) The Court finds that this explanation by the ALJ complies with the AC's remand order, and with the medical opinion provision of SSR 96-8p. Therefore, the ALJ's RFC determination was supported by substantial evidence in the record.

## VI. Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's request for relief [Docs. 14, 18] will be **DENIED**, the Commissioner's request for relief [Doc. 16] will be **GRANTED**, and the decision of the ALJ is **AFFIRMED**. Judgment will be entered in favor of the Commissioner.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE